OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, and the case remitted to that court for determination of the facts with respect to the suppression of defendant’s statements.
The Appellate Division held that the interview of defendant conducted in the offices of the Department of Investigation on June 3, 1976 was a custodial interrogation as a matter of law. In consequence, the preinterrogation constitutional warnings not having been given, defendant was entitled to suppression of the statements that he had then made. We cannot agree that this interrogation was custodial as a matter of law, i.e., that under no view of the evidence in the record could it be found to be noncustodial. Accordingly, we hold that the determination of the Appellate Division in this regard was error. *930 The case must, therefore, be remitted to the Appellate Division for determination of the facts under CPL 470.40 (subd 2, par [b]).
The other error on which the Appellate Division would have reversed (and granted a new trial) — namely, misuse of the taped conversations of defendant — was not preserved for appellate review, no timely protest on this theory having been registered. Accordingly, that issue is beyond the scope of our review (People v Johnson, 47 NY2d 124).
We have examined defendant’s other contentions and conclude that the errors asserted either were not preserved for our review or are without merit.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the memorandum herein.