OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and the case remitted to that court for determination of the facts.
 

 The Appellate Division held that defendant’s wife’s consent to entry of the apartment by the police was involuntary as a matter of law and that, in consequence, the gun
 
 *912
 
 should be suppressed and the indictment dismissed. Although in doing so it made findings additional to those made by the suppression Judge, its holding was that the People had failed to meet their burden of establishing voluntary consent as a matter of law, that is to say, that under no view of the evidence in the record could it be found to be voluntary.
 

 The Appellate Division order was, therefore, based upon a determination of law. Because we conclude that that determination was in error and our power of review is limited to that question of law, the appeal is not subject to dismissal. Rather the case must be remitted to the Appellate Division for determination of the facts pursuant- to CPL 470.40 (subd 2, par [b])
 
 (People v Palumbo,
 
 49 NY2d 928; see
 
 People v Cona,
 
 49 NY2d 26).
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
 

 Order reversed and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the memorandum herein.