OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the matter remitted to Supreme Court, New York County, for further proceedings in accordance with this memorandum.
*998 Criminal Term erred in holding that a person who is frisked is thereafter in custody as a matter of law for the purpose of administration of Miranda warnings (Berkemer v McCarty, 468 US_, 104 S Ct 3138). There is a clear distinction between a stop and frisk inquiry and a forcible seizure which curtails a person’s freedom of action to the degree associated with a formal arrest (see, People v Huffman, 41 NY2d 29). Thus, questioning after a frisk, without more, does not constitute custodial interrogation (Berkemer v McCarty, supra; see, United States v Bautista, 684 F2d 1286, 1291-1292, cert denied 459 US 1211; United States v Pratt, 645 F2d 89, 90-91, cert denied 454 US 881; State v Roadenbaugh, 234 Kan 474, 673 P2d 1166, 1169-1172; People v Greer, 110 Cal App 3d 235, 240, 167 Cal Rptr 762, 765). Although the issue of whether a suspect is in custody is generally a question of fact, Criminal Term’s determination rests upon an erroneous legal standard, thus presenting a question of law within this court’s power of review (see, People v Palumbo, 49 NY2d 928, 929).
The matter should, therefore, be remitted to Criminal Term so that defendant’s motion can be decided in accordance with these principles. The determination should be made on the record of the prior hearing; a new hearing is not required (People v Quarles, 63 NY2d 923, 925; People v Havelka, 45 NY2d 636, 642-644).
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Titone concur; Judge Alexander taking no part.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.