OPINION OF THE COURT
George J. Balbach, J.
Defendant herein has been indicted for assault in the second degree and falsifying business records in the first degree.
On October 15, 1985 this court conducted a Huntley hearing to determine the voluntariness of a statement given to Vilma Osborne, R.N., Patient Care Investigator for the New York State Department of Health during an interview held February 10,1984.
Ms. Osborne testified that in accordance with her responsibility to investigate abuse of patients, she visited the Haven Manor Health Related Facility on February 10, 1984 to interview staff members of said facility regarding an alleged incident of abuse involving a patient, Marie Birch, on January 29, 1984. Osborne stated that her position as an investigator carried with it no power to effectuate an arrest.
The defendant was interviewed by Ms. Osborne on February 10, 1984, in the office of the director of nursing. Prior to asking any questions of the defendant, Osborne identified herself and read the following statement to the defendant: *298 "Please be advised that it is the policy of the New York State Department of Health/Office of Health Systems Management to give the following notice during a Patient Abuse Investigation: T am a patient care investigator with the NYC Area Office of the New York State Department of Health/Office of Health Systems Management. I am responsible for investigating possible violations of the Patient Abuse Reporting Law and attendant rules and regulations. Although I would appreciate your cooperation, you do not have to speak to me at this time. I am charged with making my best effort to contact and speak with you so that you can have an opportunity to provide your understanding of the incident that I am investigating. Anything you say can be used during an administrative or legal proceeding. You may, if you wish, seek the advice of or be represented by an attorney or any other person.’ ”
Thereafter, the defendant consented to be interviewed without representation resulting in the statements she now seeks to suppress. Said interview lasted 45 minutes to an hour and was written down by Ms. Osborne whose final report was prepared on September 24,1984.
On cross-examination Ms. Osborne stated that following her investigation she made no recommendation for criminal prosecution; that she did not testify in the Grand Jury; that she had no contact with anyone contemplating criminal prosecution; and that she first became aware of the indictment when she read it in the newspaper.
Defense counsel has argued that the notice read to the defendant, as set forth above, does not comply with the Miranda warnings thereby warranting suppression of the defendant’s statements.
It is this court’s opinion that defendant’s motion to suppress must be denied.
It has been held that Miranda warnings (Miranda v Arizona, 384 US 436) apply when a person is in police custody. The test is whether a reasonable person would have thought himself or herself in custody under the totality of the circumstances rather than the subjective state of mind of the suspect or the interrogator. (People v Palumbo, 49 NY2d 928.) Here, defendant was not in police custody, having been interviewed at the facility where she worked, nor was there any testimony that she was in any way coerced or that her statements were anything but voluntary. (Seé, CPL 60.45.)
As stated by the Court of Appeals in People v Ray (65 NY2d *299 282, 286 [1985]): "The avowed purpose of Miranda was to secure the privilege against self-incrimination from encroachment by governmental action * * * In the absence of active governmental participation in a private investigation, no Miranda warnings need be administered. Private conduct, however, may become so pervaded by governmental involvement that it loses its character as such and invokes the full panoply of constitutional protections. (People v Jones, 47 NY2d 528; People v Esposito, 37 NY2d 156, 160; People v Adler, 50 NY2d 730, 737; Corngold v United States, 367 F2d 1.) Relevant indicia of State involvement, which may transform private conduct into State action, include: a clear connection between the police and the private investigation (People v Horman, 22 NY2d 378, 380); completion of the private act at the instigation of the police (People v Esposito, supra) * * * and a private act undertaken on behalf of the police to further a police objective (People v Adler, supra). ”
In the case at bar, the court finds that there was no clear connection between the police and the investigation; that the police did not instigate the investigation; and that said investigation was not supervised by the police or undertaken on their behalf to further a police objective. In fact, at the time of said interview the defendant was not the target of any investigation but merely one of many staff members sought to be questioned.
Inasmuch as any police participation did not occur until after the inculpatory statement was signed there was no threat of official coercion or compulsion and the investigator was under no duty to administer Miranda warnings. (People v Ray, supra, at 287.)
Although Ms. Osborne is an employee of a governmental agency (State Department of Health) said agency is not empowered by statute to commence prosecutions for any wrongdoings within the facilities under its jurisdiction. (See, Public Health Law § 201.)
10 NYCRR 81.2 (Health) provides: "(a) All persons listed in subdivision (1) of section 2803-d of the Public Health Law are required to report, and all other persons may report, physical abuse, mistreatment or neglect in accordance with this Part.”
Public Health Law § 2803-d (6) (reporting abuses of persons receiving care or services in residential health care facilities) states in pertinent part:
"(a) Upon receipt of a report made pursuant to this section, *300 the commissioner shall cause an investigation to be made of the allegations contained in the report. Notification of the receipt of a report shall be made immediately by the department to the appropriate district attorney if a prior request in writing has been made to the department by the district attorney * * *
"(f) Information relating to a report made pursuant to this section shall be disclosed under any of the following conditions:
"(ii) as may be required by the penal law or any lawful order or warrant issued pursuant to the criminal procedure law.”
As can be seen from the above statute and regulations, the authority of the Commissioner of Health and his subordinates is limited to investigating complaints and, where appropriate, providing such information to the authorities empowered to prosecute (i.e., the District Attorney).
Based on the testimony adduced at this hearing and for the reasons set forth herein, it cannot be said that the defendant was denied her constitutional rights at the time she provided information to the investigator assigned to this case.
Accordingly, defendant’s motion to suppress is denied.