■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO RICHARDS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kay, J.), rendered June 10, 1983, convicting him of robbery in the first degree and criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant was arrested without a warrant in his apartment about one-half hour after the gunpoint robbery of milk truck driver Daniel Sullivan, during which approximately $600 in checks, cash, and food stamps were taken. The evidence at the defendant's pretrial hearing showed that Sullivan and six police officers were admitted to the defendant's apartment by the defendant's brother. The defendant was found in bed fully dressed and was placed under arrest after Sullivan identified him as the perpetrator of the robbery. As the defendant arose, a check fell off the bed and Sullivan told the officers that it was a check which had been taken from him earlier. The officers searched the area and recovered cash and food stamps from the mattress and box spring.

The defendant contends that the warrantless arrest was illegal because his brother's consent to the entry by the police was coerced. The evidence showed that some of the officers had their weapons drawn when they sought to enter the apartment.

Whether consent is voluntary must be determined from all of the relevant circumstances, including such factors as whether the consenter was in custody, whether the consenter had prior experience with the police, whether the consenter had been evasive or uncooperative prior to the purported consent, and whether the consenter was advised of his right to refuse to consent (see, People v Gonzalez, 39 NY2d 122). The fact that weapons are displayed does not preclude a finding that consent was voluntarily given (see, People v Rivera, 60 NY2d 910, on remand 106 AD2d 670). In the case at bar, the evidence showed that the brother was not in custody and was in the security of his own home when the consent was given.

There was no evidence that he had been evasive or uncooperative prior to giving consent. While it is true that the officers had drawn their weapons, the testimony indicated that the weapons were pointed at the ceiling. Upon considering all of these circumstances, we cannot conclude that Criminal Term erred when it determined that consent was voluntarily given.

Criminal Term also correctly permitted the in-court identification by the witness James Smart, the milk truck driver's helper, despite the fact that Smart participated in an impermissively suggestive showup. Since Smart observed the defendant in broad daylight for three minutes from the front door of the milk truck while he was robbing the driver, there was clearly an independent basis for Smart's identification of the defendant (see, Manson v Brathwaite, 432 US 98).

We have considered the defendant's other arguments, including those raised in his pro se supplemental brief, and find them to be without merit. Mangano, J. P., Gibbons, Brown and Lawrence, JJ., concur.