■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER MCFADDEN, Appellant

There are at least two problems with that conclusion. First, the People did not advance that theory before the hearing court and should not now be heard to make such argument for the first time on appeal *(see, People v Johnson,* 64 NY2d 617, 619, n 2). Second, the reasons asserted for the stop are not objective, and, more importantly, the purpose for the stop was not simply to request information. Rather, the purpose for the

stop was to make specific inquiries about defendant and to demand that he explain his behavior. Thus, under *De Bour,* the police were acting at least at the second level of inquiry, which required them to have a "founded suspicion that criminal activity is afoot" *(People v De Bour, supra,* at 223). Here, there was no such suspicion *(see generally,* Sack, *Police Approaches and Inquiries on the Streets of New York: The Aftermath of People v De Bour,* 66 NYU L Rev 512, 529-550 [1991]). In this technological age, when computers are almost as commonplace as TV sets or stereo systems, a man walking in his own neighborhood in the middle of the day, carrying a box containing a computer keyboard, should not serve as the basis of a police intrusion of any kind. Because the initial stop of defendant was illegal, any evidence seized must be suppressed *(see, Wong Sun v United States,* 371 US 471).

The court's conclusion that defendant consented to the police intrusion is not supported by the record, or by the reality of the encounter. The prosecution had a heavy burden to establish defendant's consent *(People v Kuhn,* 33 NY2d 203, 208-209). "Consent to search is voluntary when it is a true act of the will, an unequivocal product of an essentially free and unconstrained choice. Voluntariness is incompatible with official coercion, actual or implicit, overt or subtle" *(People v Gonzalez,* 39 NY2d 122, 128). Here, the police exited a police car, approached defendant on the porch of his residence and asked him if they could talk to him. The police did not advise defendant that he could refuse to talk. Most reasonable people, not experienced in the area of criminal law, when approached by a police officer who wants to ask questions, probably believe that, if they refuse to consent, the police will ask anyway so they may as well cooperate. That is not voluntary consent, but submission to authority *(see, Bumper v North Carolina,* 391 US 543, 550).

Accordingly, the judgment is reversed, defendant's motion to suppress granted and the indictment dismissed.

All concur, except Callahan, J. P., and Balio, J., who dissent and vote to affirm in the following Memorandum.

Callahan, J. P., and Balio, J. (dissenting). We do not concur with the majority determination. We respectfully suggest that the majority writing does not pay fidelity to the record in this appeal. They depict defendant as an average citizen "not experienced in the area of criminal law"; this defendant is a predicate felon. The majority state that "[t]he only basis for the stop was that defendant, a Black male, was carrying a

cardboard box containing a computer keyboard, while walking down a residential street, in the early afternoon". The record reveals that defendant was observed by two police officers as he was walking along a residential street with a computer keyboard protruding out of a toilet tissue box. That observation clearly was sufficient to arouse the suspicion of the officers and to justify their inquiry *(see, People v De Bour,* 40 NY2d 210, 213).

The officers approached defendant as he neared his residence and asked if they could talk to him. Defendant responded "Yes" and set the box down on the porch. From that position the officers saw that a sticker of the City of Rochester School District was affixed to the computer with the number "33" next to it. They knew that school 33 was two blocks away and that it was not in session that day. In response to questioning, defendant identified himself and told the officers that he had purchased the equipment for $40. Defendant consented to accompany the officers to the school, where it was determined that the computer equipment had been removed.

In our view, the suppression court did not err in rejecting defendant's claims that the police lacked reasonable suspicion to stop him and that he was detained and transported to the scene of the crime without probable cause. A police officer may approach a private citizen for the purpose of requesting information as long as there is some "articulable reason" sufficient to justify the action which was undertaken *(People v De Bour, supra,* at 213; *People v Heston,* 152 AD2d 999, *lv denied* 76 NY2d 858; *People v Harris,* 151 AD2d 777, 778). Such minimal intrusion of approaching to request information is permissible when, as here, there is some objective credible reason for that interference not necessarily indicative of criminality *(see, People v De Bour, supra,* at 223; *see also, People v Heston, supra).* The police conduct subsequent to that initial inquiry was likewise proper.

Once defendant agreed to speak with the officer and set the box down, the officer observed that the equipment had a sticker on it identifying it as City of Rochester School District property. Those observations of that equipment in defendant's possession and knowledge that the school was nearby and not in session justified the police in detaining defendant and transporting him to the school building *(see, People v Hicks,* 68 NY2d 234, 240-243). Moreover, defendant voluntarily agreed to accompany the police back to the school. Since "[c]onsent is a valid substitute for probable cause" *(People v Hodge,* 44

NY2d 553, 559), we conclude that there is no merit to defendant's argument that he was detained on less than reasonable suspicion *(cf., People v Lewis,* 172 AD2d 1020, 1021).

At the school, defendant was identified by witnesses as having been in the building earlier that day and it was determined that the computer equipment was missing from a classroom. Also, a freshly waxed floor contained footprints that matched the prints of defendant's sneakers. Thus, the police had probable cause for the arrest.

Finally, any reading of the well reasoned decision of Supreme Court (Mark, J.) refutes any assertion that the People's arguments were not raised below. We agree with Justice Mark and vote to affirm. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Burglary, 3rd Degree.) Present—Callahan, J. P., Doerr, Green, Balio and Lawton, JJ.