■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SOLMARIA MALDONADO, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered November 7, 1990, convicting her of criminal possession of a controlled substance in the fifth degree and unlawful possession of marihuana, upon her plea

of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain evidence as the product of an unlawful search and seizure.

Ordered that the judgment is affirmed.

Acting on a tip that the defendant was engaging in drug-related activity at a bar, police approached her in the bar and asked her to step outside. The defendant, who was not a novice to the criminal justice system, testified at the suppression hearing that she voluntarily accompanied the police officers, with whom she had cooperated in the past, outside to the street *(see, People v Gonzalez,* 39 NY2d 122). Against that backdrop, and although there are sharply conflicting versions of what thereafter transpired, there is no basis for disturbing the hearing court's determination that the credible evidence established that defendant voluntarily consented to a search of her purse *(cf., People v Rivera,* 60 NY2d 910; *People v Prochilo,* 41 NY2d 759; *People v Crandall,* 172 AD2d 618; *People v Garafolo,* 44 AD2d 86). A finding that defendant's consent was the product of calculation rather than coercion or awe *(see, People v Gonzalez, supra,* at 129) is fully supported by the record. Mangano, P. J., Sullivan, Harwood and O'Brien, JJ., concur.