■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL BERIGUETTE, Appellant. [605 NYS2d 759] —Appeal by the defendant from a judgment of the County Court, Westchester County (Pirro, J.), rendered May 5, 1992, convicting him of criminal possession of a controlled substance in the first degree and criminally using drug paraphernalia in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to the police.

Ordered that the judgment is affirmed.

On the evening of July 26, 1991, the complainant went to the Yonkers Police Department to report that she had been assaulted in her apartment earlier that evening by the defendant, who was her live-in boyfriend. The complainant also told the police that, after the altercation, she had gone to a friend's apartment, and while she was there, the defendant called her and threatened to shoot her with a gun. One of the officers who interviewed the complainant testified that he observed that the complainant's face was swollen at the time she made her complaint. Thereafter, several police officers accompanied the complainant back to her apartment. Upon arriving at that location, the complainant pointed to the defendant's car, which was parked on the street in front of the apartment building, and indicated that, if the gun was not found in the apartment, it might be in the car. The police knocked on the complainant's apartment door and, when the defendant opened the door, the complainant identified the defendant as her boyfriend. The police than asked the defendant to step into the hallway, whereupon the defendant was arrested and read his *Miranda* rights in Spanish. As the police conducted a search incident to the arrest, keys to a car on a ring with the defendant's first name on it fell out of the defendant's shorts and onto the floor. The defendant was then asked for, and gave, his consent to a search of his car. He was then brought downstairs, placed in a patrol car, read his

rights again in Spanish, and again asked for, and again gave, his consent to a search of the car. An officer approached the car, directed his flashlight into the car, and saw, in plain view on the front seat of the car, a brown vinyl bag containing a brown substance which the officer believed to be heroin. The officer then used the defendant's keys to enter the car and seized the bag. Thereafter, the officers searched the trunk of the car, and found more than 800 small glassine envelopes filled with brown powder and assorted drug paraphernalia. In total, more than nine ounces of heroin was found in the car.

On appeal, the defendant contends, *inter alia,* that the search of his car was illegal because he did not voluntarily consent to the search, and because there was no probable cause to conduct a warrantless search of the car. We note that although the burden is on the People to establish voluntary consent, the People fail to meet that burden *only if* "under no view of the evidence in the record could it be found to be voluntary" *(People v Rivera,* 60 NY2d 910, 912). Upon the record before us, it would be unreasonable to conclude that no view of the evidence supports a determination that the defendant's consent was voluntary. Further, upon the exercise of our factual review power, we hold that the finding that the defendant's consent was voluntary was not against the weight of the evidence.

In any event, however, the search of the passenger compartment of the vehicle did not constitute a search within the meaning of the New York State or Federal Constitutions *(see, e.g., Texas v Brown,* 460 US 730, 740; *People v Class,* 63 NY2d 491, 494-495, *revd on other grounds* 475 US 106; *People v Maltese,* 149 AD2d 626). It is well-settled that police officers may seize contraband in "plain view" inside an automobile, provided that observation is made from a lawfully-obtained vantage point *(see, Coolidge v New Hampshire,* 403 US 443; *People v Manganaro,* 176 AD2d 354; *People v Baldanza,* 138 AD2d 722). Nor is shining a flashlight into a car to observe what would otherwise be in plain view an unreasonable intrusion *(see, People v Cruz,* 34 NY2d 362, *amended on other grounds* 35 NY2d 708; *People v Campbell,* 176 AD2d 814; *People v Bute,* 172 AD2d 550). Although the officer looked into the car because the complainant indicated that it might contain a weapon, he was not aware that drugs might be found in the car. "The discovery of contraband by an officer who 'purposefully' looks inside a * * * car, may * * * be considered inadvertent, provided that he was not actually aware that that particular item of contraband or evidence

would be found in that particular place" *(People v Manganaro,* 176 AD2d 354, 356, *supra; see also, Coolidge v New Hampshire, supra,* at 470; *Texas v Brown,* 460 US 730, 737; *Horton v California,* 496 US 128).

Moreover, there is no merit to the defendant's contention that his arrest was illegal, since the police clearly had probable cause to believe that the defendant had committed aggravated harassment and/or assault, and the police entered the building and hallway in which the arrest was made with the consent of the complainant, a tenant in the apartment building *(see, People v Daly,* 180 AD2d 872; *People v Matus,* 166 AD2d 464; *People v Pizzichillo,* 144 AD2d 589).

Equally meritless is the defendant's contention that there was insufficient proof adduced at the trial regarding his dominion and control over the car. Police witnesses testified that the defendant admitted to them that the car belonged to him, the complainant identified it to the police as belonging to the defendant, another prosecution witness testified that she had seen the defendant driving the car, and the keys to the car were found on the defendant's person on a ring marked with his name. Viewed in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that the evidence was legally sufficient to establish the defendant's dominion and control over the car. Although the defendant further contends that the People's witnesses were not credible, resolution of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84). Its determination should be afforded great weight on appeal and should not be disturbed unless clearly unsupported by the evidence *(see, People v Garafolo,* 44 AD2d 86). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245), or without merit. Mangano, P. J., Lawrence and Santucci, JJ., concur.

O'Brien, J., dissents and votes to reverse the judgment appealed from, on the law and the facts, to grant that branch of the defendant's motion which was to suppress physical evidence, and to dismiss the indictment, with the following memorandum, with which Eiber, J., concurs. Although I agree with my colleagues that the police had probable cause to

arrest the defendant, I do not agree that the People met their burden of proving that the defendant voluntarily consented to the subsequent search of the automobile. Whether consent is voluntary or "only a yielding to overbearing official pressure" must be determined from the surrounding circumstances *(see, People v Gonzalez,* 39 NY2d 122, 128). The hearing record reveals that the defendant was arrested by four police officers at his girlfriend's apartment, searched, handcuffed, and detained, while the police searched the apartment. The defendant was then placed in a patrol car and, with all four officers present, was asked to consent to a search of the automobile. The People offered no evidence that the defendant was advised of his right to refuse to consent to the search. Based on these factors, I find that the defendant's apparent consent was merely a capitulation to police authority, rather than a voluntary act *(see, People v Gonzalez, supra; People v Flores,* 181 AD2d 570; *People v McFadden,* 179 AD2d 1003).

Furthermore, while issues of credibility are primarily for the hearing court, I believe that here the fact findings of the hearing court are "so plainly unjustified by the evidence that the interests of justice necessitate their nullification" *(People v Garafolo,* 44 AD2d 86, 88; *see also, People v Lewis,* 195 AD2d 523; *Matter of Carl W.,* 174 AD2d 678; *People v Miret-Gonzalez,* 159 AD2d 647). I conclude, therefore, that the warrantless search of the automobile was improper, and accordingly, would reverse the defendant's conviction, grant that branch of his pretrial motion which was to suppress the evidence found in the automobile, and to dismiss the indictment.