■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LEONARD BARNES, Respondent. [633 NYS2d 590] —Appeal by the People from an order of the Supreme Court, Westchester County (Colabella, J.), dated November 22, 1994, which, after a hearing, granted those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the order is reversed, on the law and the facts, and those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials are denied.

On February 4, 1994, at about 9:30 in the evening, a police officer on patrol in a marked vehicle observed the defendant walking on an otherwise deserted street in a commercial area of Mount Vernon. The defendant was carrying what appeared to be a fax or copy machine under his arm and partially concealed by his coat. Upon making eye contact with the officer, the defendant immediately fled, and he dropped the machine on the ground before the officer left his vehicle. The officer arrested the defendant after a short pursuit and recovered a fax machine. At police headquarters, the defendant admitted that he had taken the fax machine from an office which he had entered by climbing a fence and pushing aside a window air conditioner.

The Supreme Court granted suppression of the defendant's statements and the fax machine as products of an illegal arrest. We disagree. The officer's conduct cannot be considered unlawful *(see, e.g., People v Kosciusko,* 149 AD2d 620). Since the defendant "deliberately divested (himself) of the property in such a way and under such circumstances that the officer had probable cause to believe that the merchandise was stolen" *(People v Chestnut,* 91 AD2d 981, 982), there was probable cause for the defendant's arrest. Moreover, the fax machine was abandoned by the defendant, and there is no basis for finding that the abandonment was nullified by illegal police conduct *(see, People v McCants,* 175 AD2d 847; *People v Williams,* 123 AD2d 652). Since the defendant's arrest was based on probable cause, the statements he made at the police station were admissible *(see, People v Hughes,* 174 AD2d 692). O'Brien, J. P., Copertino, Santucci and Joy, JJ., concur.