█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND GUARINO, Appellant. [700 NYS2d 201] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flaherty, J.), rendered September 10, 1998, convicting him of burglary in the second degree, criminal possession of stolen property in the fourth degree, grand larceny in the fourth degree, and petit larceny, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (McDonald, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

It is well settled that resolutions of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the hearing court which saw

and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94; *People v Fraisier,* 260 AD2d 398; *People v Wilson,* 250 AD2d 788). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). On this record, there is no basis for disturbing the hearing court's decision to credit the testimony of the arresting police officer.

The police officer's conduct, in stopping and ultimately searching the defendant, was justified at its inception and reasonably limited in scope at each successive step in response to the circumstances presented (*see, People v Hollman,* 79 NY2d 181, 184-185; *People v De Bour,* 40 NY2d 210, 223; *People v Cantor,* 36 NY2d 106, 112-113; *see also, People v Barnes,* 221 AD2d 552; *People v Campbell,* 194 AD2d 618, 619; *People v Smith,* 190 AD2d 832, 833; *People v Miller,* 149 AD2d 538, 540; *People v Tucker,* 140 AD2d 887, 889-890).

The credible evidence demonstrates that the police officer observed a bulge in the defendant's pocket and fearing for his safety he was justified in asking the defendant what was in his pocket. The defendant then voluntarily removed a change purse from his pocket, gave it to the police officer, and consented to it being opened by the officer (*see,* CPL 140.50 [3]; *People v Saunders,* 180 AD2d 542; *see also, People v Rivera,* 60 NY2d 910, 912; *People v Beriguette,* 199 AD2d 515, *affd* 84 NY2d 978; *People v Gonzalez,* 115 AD2d 73, 79-80, *affd* 68 NY2d 950). When the officer opened the change purse he saw credit/debit cards bearing a woman's name. The defendant denied any knowledge of the credit/debit cards in the change purse. Accordingly, the police officer had probable cause to arrest him (*see, People v Hollman, supra,* at 185; *People v De Bour, supra,* at 223), and suppression of the physical evidence was properly denied. O'Brien, J. P., Ritter, Santucci and Florio, JJ., concur.