■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL GITTENS, Appellant. [824 NYS2d 430]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered September 15, 2004, convicting him of criminal possession of a weapon in the

third degree (two counts) and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (McGann, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The record supports the hearing court's finding that the defendant's consent to the search of his hotel room was voluntarily given and was not the product of coercion (*see People v Gonzalez*, 39 NY2d 122, 128-129 [1976]; *People v Rivera*, 60 NY2d 910 [1983]; *People v Beriguette*, 199 AD2d 515, 516 [1993]; *People v Maldonado*, 184 AD2d 531 [1992]; *People v Richards*, 119 AD2d 597 [1986]). The evidence adduced at trial that one or more of the officers requesting consent had their weapons drawn did not justify reopening the suppression hearing. A drawn or displayed weapon is only one factor in assessing the voluntariness of the consent (*see People v Rivera, supra; People v Richards, supra*).

The defendant's challenge to the legal sufficiency of the evidence of his guilt of criminal possession of a weapon in the third degree is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of this crime beyond a reasonable doubt (*see* Penal Law § 265.02 [4]; *People v Brown*, 115 AD2d 791 [1985]). Schmidt, J.P., Santucci, Skelos and Lunn, JJ., concur.