■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY GREEN, Appellant. [841 NYS2d 313]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered September 3, 1999, convicting him of robbery in the first degree and robbery in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's identity as one of the robbers beyond a reasonable doubt (*see People v Gonzalez*, 3 AD3d 579 [2004]). Moreover, resolution of issues of credibility is primarily a matter to be determined by the factfinder, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero, supra*).

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel (*see People v Henry*, 95 NY2d 563, 565 [2000]; *People v Benevento*, 91 NY2d 708, 713 [1998]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 83 [1982]). Mastro, J.P., Dillon, Covello and Dickerson, JJ., concur.