■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK EDWARDS, Appellant. [847 NYS2d 601]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Berkowitz, J.), rendered January 27, 2005, convicting him of robbery in the first degree (five counts), attempted robbery in the first degree, and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Donnino, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The finding of the hearing court that the defendant voluntarily consented to the search of his residence was supported by the evidence at the suppression hearing (*see People v Gonzalez*, 39 NY2d 122, 128 [1976]; *People v Gittens*, 34 AD3d 693, 694 [2006]; *People v Leiva*, 33 AD3d 1021, 1023 [2006]). The fact that the defendant was under arrest at the time of the consent does not preclude a finding that his consent was voluntary (*see People v Rodriguez*, 11 NY2d 279, 287 [1962]; *People v Beriguette*, 199 AD2d 515, 516 [1993], *affd* 84 NY2d 978 [1994]). The evidence at the hearing, including evidence of the duration and condition of the defendant's detention, as well as the attitude and conduct of law enforcement officials toward him, further supported the finding that the defendant made a knowing and voluntary waiver of his rights prior to giving statements to the law enforcement officials which inculpated him in a series of robberies (*see People v Petronio*, 34 AD3d 602, 604 [2006]; *People v Rifkin*, 289 AD2d 262 [2001]; *People v Springer*, 221 AD2d 386 [1995]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish his guilt of five counts of robbery in the first degree beyond a reasonable doubt (*see* Penal Law § 160.15; *People v Lopez*, 73 NY2d 214, 222 [1989]). The defendant displayed a weapon while demanding money or property from the victims during five separate robberies. We also find that the evidence was legally sufficient to establish the

defendant's guilt of attempted robbery in the first degree and assault in the second degree beyond a reasonable doubt. The evidence established that, while armed with a butcher knife and trying to enter the teller's stations at a bank, the defendant struggled with a bank security guard, causing deep cuts in the guard's hands (*see People v Williams,* 301 AD2d 669, 670 [2003]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633, 644-645 [2006]).

The sentence imposed was not excessive (*see People v Green,* 41 AD3d 862, 863 [2007], *lv denied* 9 NY3d 961 [2007]; *People v Suitte,* 90 AD2d 80 [1982]). Schmidt, J.P., Skelos, Covello and Balkin, JJ., concur.