■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BURNO, Appellant. [12 NYS3d 306]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Berkowitz, J.), rendered September 10, 2013, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the fourth degree, and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Honorof, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court's determination that his consent to the search of his residence was voluntarily given and was not the product of coercion was supported by the evidence at the suppression hearing (*see People v Gonzalez*, 39 NY2d 122, 128 [1976]; *People v Edwards*, 46 AD3d 698, 699 [2007]; *People v Gittens*, 34 AD3d 693, 694 [2006]). The fact that the defendant was under arrest at the time of the consent does not preclude a finding that his consent was voluntary (*see People v Rodriguez*, 11 NY2d 279, 287 [1962]; *People v Edwards*, 46 AD3d at 699). Moreover, the presence of a number of police officers at the scene does not compel the conclusion that the defendant's consent to the search was coerced (*see People v Leiva*, 33 AD3d 1021, 1023 [2006]; *People v Buggs*, 140 AD2d 617, 618 [1988]). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence.

The defendant's challenge to the legal sufficiency of the evidence supporting his convictions of criminal possession of a weapon in the second degree and assault in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to disprove the defendant's justification defense with respect to the charge of assault in the second degree and establish the defendant's guilt of criminal possession of a weapon in the second degree and assault in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see People v Danielson*, 9 NY3d 342 [2007]), we

nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 420 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt of those crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, without merit. Mastro, J.P., Austin, Roman and Sgroi, JJ., concur.