People v Evans (2018 NY Slip Op 00167)





People v Evans


2018 NY Slip Op 00167


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2014-07925
 (Ind. No. 8785/11)

[*1]The People of the State of New York, respondent,
v
Joseph Evans, appellant.


Paul Skip Laisure, New York, NY (Benjamin S. Litman of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Kristen A. Carroll of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William M. Harrington, J.), rendered August 5, 2014, convicting him of criminal possession of a weapon in the second degree and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Miriam Cyrulnik, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
The defendant's contentions regarding that branch of his omnibus motion which was to suppress physical evidence are without merit. The hearing court properly found that, under the totality of the circumstances, the defendant voluntarily consented to the search of his home (see People v Gonzalez, 39 NY2d 122, 128-130; People v Quagliata, 53 AD3d 670, 671). Although the defendant contended that he informed the police officers that they did not have consent to search his home, the hearing court credited a police officer's testimony to the contrary, and there is no basis to disturb that credibility finding on appeal (see People v Visich, 57 AD3d 804, 806). The failure of the officers to inform the defendant of his right to refuse consent was not sufficient to render the defendant's consent involuntary (see People v Gonzalez, 39 NY2d at 130; People v Artis, 201 AD2d 488, 489; People v Buggs, 140 AD2d 617, 617-618). Furthermore, the defendant cooperated with the officers before consenting to the search, the number of officers present when the defendant consented does not compel a finding that his consent was involuntary, and there was no evidence that the officers in any way exerted "unjustified psychological pressure" over the defendant in order to obtain consent to search (People v Litt, 71 AD2d 926, 929; see People v Gonzalez, 39 NY2d at 129; People v Burno, 130 AD3d 747, 747; People v Leiva, 33 AD3d 1021, 1023).
The defendant's contention that the testimony of an analyst from the Office of the Chief Medical Examiner violated his right to confrontation is without merit, as the analyst's testimony established that she used "her independent analysis on the raw data" to conclude that it was 11.4 million times more likely than not that the defendant's DNA was included in the mixture found on the trigger and trigger guard of the subject gun (People v John, 27 NY3d 294, 315). Thus, the analyst did not act "as a conduit for the conclusions of others," (id. at. 315), and the defendant's [*2]right to confront the witnesses against him was not violated.
The defendant's contention that he was deprived of the effective assistance of counsel is without merit (see Strickland v Washington, 466 US 668; People v Baldi, 54 NY2d 137).
The defendant's remaining contention is not preserved for appellate review, and we decline to review it pursuant to our interest of justice jurisdiction (see People v Padro, 75 NY2d 820, 821; People v Stewart, 71 AD3d 797, 798; People v Hewlett, 133 AD2d 418, 419, affd 71 NY2d 841).
DILLON, J.P., LEVENTHAL, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court