People v Lipton (2018 NY Slip Op 04754)





People v Lipton


2018 NY Slip Op 04754


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2015-02925
 (Ind. No. 1139-14)

[*1]The People of the State of New York, respondent,
v
Gilbert Lipton, appellant.


Salvatore C. Adamo, New York, NY, for appellant, and appellant pro se.
Timothy D. Sini, District Attorney, Riverhead, NY (Michael J. Brennan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Mark D. Cohen, J.), rendered March 4, 2015, convicting him of burglary in the second degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's motion which were to suppress physical evidence and identification testimony.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the County Court's determination that his consent to the search of his apartment was voluntarily given and was not the product of coercion was supported by the evidence at the suppression hearing (see People v Gonzalez, 39 NY2d 122, 128-130; People v Burno, 130 AD3d 747, 747; People v Edwards, 46 AD3d 698, 699). The fact that the defendant may have been in custody (see People v Yukl, 25 NY2d 585, 589) at the time of the consent does not preclude a finding that his consent was voluntary (see People v Rodriguez, 11 NY2d 279, 287; People v Edwards, 46 AD3d at 699). Accordingly, we agree with the County Court's determination to deny that branch of the defendant's motion which was to suppress physical evidence obtained from the search of his apartment (see People v Curtis, 144 AD3d 1199, 1200; People v Burno, 130 AD3d at 747).
We also agree with the County Court's determination to deny that branch of the defendant's motion which was to suppress identification testimony. The evidence adduced at the Wade hearing (see United States v Wade, 388 US 218) established that the pretrial identification [*2]procedures were not unduly suggestive, as the persons depicted in the computer-arranged photographic arrays were sufficiently similar in appearance to the defendant (see People v Allen, 118 AD3d 902, 903; People v Lago, 60 AD3d 784, 784). The position of the defendant's photograph in the array did not render the procedure unduly suggestive (see People v Lind, 20 AD3d 765, 767; cf. People v Bernier, 245 AD2d 137, 137-138; People v Snow, 237 AD2d 118, 118).
Contrary to the defendant's contention, the County Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371, 376) was an appropriate exercise of discretion. "The extent to which the prosecution should be allowed to impeach the credibility of a defendant is a matter that is generally left to the sound discretion of the trial court" (People v Rodriguez, 111 AD3d 856, 858; see People v Bennette, 56 NY2d 142, 146). Here, the court's Sandoval ruling permitting the People to inquire as to whether the defendant had been convicted of four felonies, but precluding any questioning about the underlying facts of those prior crimes, avoided any undue prejudice to the defendant and constituted a provident exercise of the court's discretion (see People v Edwards, 118 AD3d 909, 909; People v Brown, 101 AD3d 895, 896; People v Murad, 55 AD3d 754, 755).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., AUSTIN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court