■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLTON DePACE, Appellant.—Appeal by the defendant from

a judgment of the County Court, Nassau County (Harrington, J.), rendered November 14, 1985, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and certain statements made by the defendant to the police.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

At approximately 3:40 A.M. on January 3, 1985, Police Officer Michael Fitzpatrick received a radio transmission with respect to two white males with screwdrivers in the vicinity of 97 Cedarhurst Avenue in Cedarhurst, Long Island. Upon responding to that subject address, Fitzpatrick, who was alone, observed the defendant's vehicle "[s]itting right in the middle of the parking lot". The defendant, apparently a paraplegic, was in the vehicle with his brother. Fitzpatrick questioned the defendant briefly, shined his flashlight through the car windows and ran a license plate check which revealed nothing. After Fitzpatrick had scanned the vehicle's interior with his flashlight, the defendant himself, without prompting, invited the officer to search the passenger compartment and trunk, even offering his keys to facilitate the officer's search. Although an initial search revealed nothing, Officer Fitzpatrick realized that he had neglected to look under the driver's seat where the defendant was seated. The officer thereupon requested that the defendant move his feet to permit the search. The defendant was initially hesitant, stating that he could not move his legs because he was a paraplegic, but complied with the officer's request. At no time did the defendant attempt to revoke the consent he had given to the search. Upon examining the area under the driver's seat, Fitzpatrick discovered a loaded pistol. As soon as the defendant realized that Fitzpatrick had found the weapon, the defendant exclaimed that the gun was his and that his brother knew nothing about it.

Thereafter, after waiving his *Miranda* rights, the defendant made other statements to a detective. Those branches of the defendant's motion which were to suppress the weapon and his statements were denied, the hearing court concluding, *inter alia*, that the defendant's consent to the search and been voluntarily given and never withdrawn prior to the officer's discovery of the weapon.

On appeal, the defendant argues, *inter alia*, that his consent

to the search was not voluntarily given but rather the product of coercion. We disagree. Whether consent was voluntary must be determined from all the relevant circumstances *(see, e.g., People v Richards,* 119 AD2d 597, 598). In the case at bar, the evidence adduced clearly supports the hearing court's determination that the defendant's consent was freely and voluntarily given. The defendant was not in custody at the time the consent was given, no guns were drawn, and the officer's inquiries prior to the consent were brief and nonconfrontational. More significantly, the defendant himself not only volunteered his consent but also gave Fitzpatrick his car keys to facilitate the search *(cf., People v Phillips,* 119 AD2d 773, 774-775). Under the circumstances presented, we conclude that the court properly denied those branches of the defendant's omnibus motion which were to suppress the gun and his statements. Lawrence, J. P., Kunzeman, Spatt and Sullivan, JJ., concur.