■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM FAUST, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Namm, J.), rendered April 25, 1984, convicting him of murder in the second degree (two counts) and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The determination by the hearing court that the defendant voluntarily consented to a search of his home by the police was amply supported by the evidence adduced at the suppression hearing (see, People v Prochilo, 41 NY2d 759).

We find, moreover, that in light of the overwhelming evidence of guilt, the trial court did not commit reversible error in admitting certain testimony which was largely cumulative. Thompson, J. P., Weinstein, Eiber and Sullivan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL J. FERNANDEZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Patsalos, J.), rendered February 8, 1985, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

There are no grounds, other than an argument involving matters dehors the record, to support the defendant's claims that he was deprived of his right to the effective assistance of counsel or that his plea was coerced. On the record before us, there is no evidence that the defendant was deprived of meaningful representation (see, People v Satterfield, 66 NY2d 796; People v Baldi, 54 NY2d 137, 147).

Moreover, the defendant failed to preserve an objection to his plea by not moving in the court of first instance to withdraw the plea (see, People v Pellegrino, 60 NY2d 636; People v Green, 111 AD2d 349). Mollen, P. J., Brown, Weinstein, Eiber and Harwood, JJ., concur.