280, *lv denied* 68 NY2d 999; *People v Andrews,* 109 AD2d 939, 942-943).

The claim of improper bolstering has not been preserved for appellate review *(People v Love,* 57 NY2d 1023, 1025). Under the circumstances of this case, where proof of the defendant's guilt of all counts charged was overwhelming, consideration of this claim in the interest of justice is unwarranted.

The sentence imposed was not excessive and appellate modification is unwarranted *(see, People v Suitte,* 90 AD2d 80). Rubin, J. P., Kooper, Spatt and Harwood, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GRIFFIN, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered October 12, 1984.

Ordered that the judgment is affirmed *(see, People v Suitte,* 90 AD2d 80). Mangano, J. P., Bracken, Niehoff, Kooper and Spatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HARRIS, Appellant.—Appeal by the defendant, as limited by his brief, from a sentence of the County Court, Westchester County (Nicolai, J.), imposed April 2, 1984, upon his conviction of robbery in the first degree (two counts), upon his plea of guilty.

Ordered that the sentence is affirmed.

CPL 400.21 does not mandate a "catechism" of questioning prior to imposition of a sentence as a predicate felony offender. The procedure is sufficient if, as here, the defendant admitted that he was previously convicted of a felony and was subject to sentencing as a second felony offender *(see, People v Bryant,* 47 AD2d 51; *People v Harris,* 61 NY2d 9, 20). Nor was the bargained-for sentence excessive *(see, People v Kazepis,* 101 AD2d 816). Thompson, J. P., Lawrence, Rubin, Kunzeman and Sullivan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM H. JERSEY, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Meehan, J.), rendered June 4, 1984, convicting him of driving while intoxicated as a felony and vehicular manslaughter, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for

leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Mollen, P. J., Brown, Weinstein, Eiber and Harwood, JJ., concur.