■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MINOR, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Mallon, J.), rendered September 25, 1986, convicting him of manslaughter in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The decision as to whether to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the sentencing court *(see, People v Pettway,* 140 AD2d 721; *People v Melendez,* 135 AD2d 660; *People v Doherty,* 134 AD2d 513; *People v Lee,* 132 AD2d 625). Review of the plea minutes in the case at bar discloses that the defendant's guilty plea was knowingly and voluntarily made in the presence of counsel after the court fully apprised the defendant of the consequences of his guilty plea *(see, People v Pettway, supra; People v Melendez, supra).* Moreover, we perceive no error in the sentencing court's determination—rendered after a full evidentiary hearing—that the defendant was not entitled to the vacatur of his plea *(cf., People v Tinsley,* 35 NY2d 926; *People v Frazier,* 132 AD2d 617, *lv denied* 70 NY2d 711; *People v Desire,* 131 AD2d 871).

The sentence imposed by the court, to which the defendant agreed as part of his plea bargain, is not excessive under the

circumstances *(see, People v Harris,* 132 AD2d 570; *People v Kazepis,* 101 AD2d 816).

The defendant's remaining contention is without merit *(see, People v Baldi,* 54 NY2d 137; *cf., People v Pettway, supra; People v Desire, supra; People v Fernandez,* 131 AD2d 873). Mangano, J. P., Kunzeman, Rubin, Kooper and Harwood, JJ., concur.