■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK G. GILYARD, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Winick, J.), rendered April 26, 1985, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial of those branches of the defendant's omnibus motion which were to suppress statements made to the police and property seized by the police.

Ordered that the judgment is affirmed.

As is conceded by the defendant, the initial stop of the vehicle which he was driving for violations of the Vehicle and Traffic Law was proper and no custodial detention arose therefrom *(see, People v Mathis,* 136 AD2d 746, 747-748, *lv denied* 71 NY2d 899; *cf., People v Fiorello,* 140 AD2d 708). The defendant thereafter volunteered information to one police officer that the trunk contained guns and that his codefendants in the car were members of a militant organization. At the same time a second police officer discovered stereo equipment in the trunk of the car by viewing it through an opening in the rear window with his flashlight. These events, combined with the police officers' knowledge that prior burglaries had occurred in the area, created a reasonable suspicion that criminal activity was afoot, justifying further detention and inquiry of the defendant and his codefendants *(see, People v Bennett,* 70 NY2d 891, 893; *People v Chestnut,* 51 NY2d 14, 22, *cert denied* 449 US 1018).

While the defendant did not spontaneously volunteer to open the trunk of the car, he agreed to do so when he was asked, and voluntarily gave the officer his keys *(cf., People v DePace,* 127 AD2d 847, 848, *lv denied* 69 NY2d 879). Nor did a de facto arrest or custodial interrogation thereafter occur at anytime. There was testimony that the weather was cold outside and while the police car itself functioned in a manner as to effectively lock the defendant in, there is no evidence that the police actively locked the car or used handcuffs or guns. Moreover, neither the defendant nor his codefendants ever protested, or requested they be permitted to proceed or that the questioning end *(cf., People v Hicks,* 68 NY2d 234;

*People v Joy,* 114 AD2d 517, 520). Finally, the defendant and his codefendants were not in custody when they were transported by the police to booth C in order that the stories they gave to the police could be investigated, since they voluntarily accompanied the police, their car could not be driven, and it was cold outside *(see, People v Yukl,* 25 NY2d 585, 589, *mot to amend remittitur denied* 26 NY2d 883, *cert denied* 400 US 851; *People v Ryan,* 121 AD2d 34, 59). As a result, the trial court's determination that probable cause to arrest did not arise until the complainant identified stolen goods in the vehicle while the defendants were at booth C was amply supported by the evidence *(see, People v Morales,* 65 NY2d 997, 998; *People v Yukl, supra,* at 589; *People v Ryan, supra,* at 58). A reasonable man, innocent of the crime, would not have believed that he was under arrest or in custody until the arrest in fact occurred *(see, People v Hicks,* 68 NY2d 234, 240, *supra; People v Chestnut,* 51 NY2d 14, 23, *supra; People v Yukl, supra).*

The defendant's plea allocution was knowingly and voluntarily made in the presence of counsel after the court fully apprised the defendant of the consequences of his plea *(see, People v Minor,* 143 AD2d 146). Upon requesting that his plea be withdrawn, the defendant offered only conclusory allegations of innocence and conceded that he had previously agreed to the plea. As a result, there was no abuse of discretion by the sentencing court in refusing to permit the defendant to withdraw his plea *(see, People v Harris,* 61 NY2d 9, 16; *People v Minor, supra; People v Melendez,* 135 AD2d 660, *lv denied* 70 NY2d 1008).

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Kunzeman and Balletta, JJ., concur.