■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONDI GARRETT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered September 13, 1988, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and a statement made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant did not sustain his burden of showing that he had a reasonable expectation of privacy in the premises in which weapons were seized so as to be entitled to claim protection under the exclusionary rule *(see, People v Rodriguez,* 69 NY2d 159). He offered no evidence establishing the nature or length of his temporary occupancy of the subject premises and there were no other indicia of a legitimate or reasonable expectation of privacy. That the defendant was showering and had left his clothing in another room, was entirely consistent with a transient presence without a reasonable expectation of privacy, and did not, in itself, establish that he was a houseguest with such an expectation and the

concomitant standing to challenge the search and seizure *(see, People v Rodriguez, supra; People v Ponder,* 54 NY2d 160; *cf., Minnesota v Olson,* 495 US 91).

In addition, the hearing court properly declined to suppress the defendant's statement identifying his clothing in a room in which weapons were found. Upon locating the defendant naked in the shower, the police properly requested that he step out of the shower, to facilitate their inquiry. The defendant's close proximity to seized weapons justified the officers attempt to clarify the nature of the situation confronting them *(see, People v De Bour,* 40 NY2d 210; *People v Luna,* 164 AD2d 870). There is no reason to conclude that a reasonable man innocent of a crime in the defendant's position would have considered himself to be under arrest *(see, People v Yukl,* 25 NY2d 585, 589). The defendant was not handcuffed or restrained. Moreover, given the circumstances, it was entirely reasonable to ask the defendant where his clothes were in order that he could get dressed *(see, People v Boyd,* 123 Misc 2d 634, *affd* 127 AD2d 1013). Thus, the defendant's statement identifying his clothing which linked him to the weapons did not result from a custodial interrogation and was not involuntary *(cf., People v Holmes,* 145 AD2d 908).

The defendant's plea allocution was knowingly and voluntarily made in the presence of counsel after the court fully apprised him of the consequences of his plea *(see, People v Minor,* 143 AD2d 146). The defendant's request that his plea be withdrawn based upon the sentence to be imposed was facially without merit and was properly denied without a hearing *(see, People v White,* 165 AD2d 820; *People v Gilyard,* 145 AD2d 568). Thompson, J. P., Harwood, Lawrence and Miller, JJ., concur.