■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAMROCK GAMBLE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Bambrick, J.), rendered May 30, 1989, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for a review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant did not sustain his burden of showing that he had a reasonable expectation of privacy in the apartment where food stamps were seized so as to be entitled to claim protection under the exclusionary rule *(see, People v Rodriguez,* 69 NY2d 159; *People v Garrett,* 177 AD2d 705). Although the defendant vaguely asserted that he "used to stay" with his girlfriend and at his mother's apartment, located at different addresses, he did not know in which apartment his girlfriend lived. Moreover, the record is devoid of any evidence establishing the nature or length of the defendant's occupancy of the premises, or any indicia of a legitimate or reasonable expectation of privacy at the time the police searched his girlfriend's apartment. In view of these circumstances, the defendant lacks standing to challenge the search of the apartment and seizure of the food stamps *(see, People v Rodriguez, supra; People v Garrett, supra; cf., Minnesota v Olson,* 495 US 91).

The defendant additionally argues on appeal that the food stamps he was accused of stealing were not properly admitted into evidence because a clear chain of custody was not established. We disagree. The identity of the evidence was adequately established, and the stamps could not have been subject to material alterations which would not have been readily identifiable *(see, People v McGee,* 49 NY2d 48, 59-60, *cert denied sub nom. Waters v New York,* 446 US 942; *People v Shelton,* 162 AD2d 561). Moreover, the officer who initially recovered the food stamps identified them at trial by their serial numbers.

We further disagree with the defendant's contention that he was denied a fair trial by the court's *Sandoval* ruling *(see, People v Sandoval,* 34 NY2d 371). Contrary to the defendant's position, the trial court did not abdicate its discretionary responsibilities in this regard. Although the court did permit inquiry into many of the defendant's past convictions, it providently exercised discretion to minimize the prejudicial effect of the ruling. The court considered only those convictions which were rendered within 10 years immediately preceding this trial. The court also precluded inquiry into the underlying facts of most of the defendant's prior convictions *(see, People v Aguilera,* 156 AD2d 698).

We have considered the defendant's remaining contentions, including those advanced in his supplemental *pro se* brief, and find them to be without merit *(see, People v Pavao,* 59 NY2d 282, 292; *People v Byrd,* 128 AD2d 796; *People v Miller,* 168 AD2d 642; *People v Brown,* 136 AD2d 1, 16, *cert denied* 488 US 897). Bracken, J. P., Eiber, O'Brien and Pizzuto, JJ., concur.