■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR PEREZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered July 5, 1989, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements made by him to law enforcement authorities, physical evidence, and identification testimony.

Ordered that the judgment is affirmed.

The defendant failed to sustain his burden of showing that he was an overnight guest of the tenant in whose apartment he was arrested and thus failed to establish that he had a reasonable expectation of privacy therein *(see, People v Garrett,* 177 AD2d 705; *People v Gamble,* 182 AD2d 703; *cf., Minnesota v Olson,* 495 US 91). Accordingly, the defendant's warrantless arrest inside the apartment was proper. Moreover, even if the defendant had standing to challenge the police entry into the apartment, the arrest would still be valid under the exigent circumstances exception to the *Payton* rule *(Payton v New York,* 445 US 573). The defendant had been identified to the police as a participant in a murder that had taken place just three days prior to the arrest, and the police had information that the defendant was in the apartment and preparing to leave the city *(see, People v Levine,* 174 AD2d 757; *People v Cartier,* 149 AD2d 524; *People v Brown,* 130 AD2d 585). In any event, there is evidence in the record that the tenant of the apartment voluntarily consented to the entry of the police *(see, People v Matus,* 166 AD2d 464).

The defendant's remaining contentions are either unpreserved for appellate review *(see, People v Udzinski,* 146 AD2d 245; *People v Pettiford,* 78 AD2d 823) or without merit *(see, People v Hawthorne,* 160 AD2d 727). Mangano, P. J., Balletta, Lawrence and Copertino, JJ., concur.