■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BROWN, Appellant. [600 NYS2d 116] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered October 9, 1991, convicting him of criminal sale of a controlled substance in the third

degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We agree with the defendant's contention that the prosecutor violated the court's *Sandoval* ruling. Prior to trial, the court ruled that the defendant could be asked about his 10 misdemeanor convictions but not about the underlying facts thereof. In addition, the court held that the prosecutor could ask the defendant whether he had been convicted of two felonies, but could not inquire into the nature of those crimes, the second of which involved a controlled substance. However, the prosecutor exceeded the bounds of the court's ruling by asking the defendant several times whether he had ever sold drugs before and then specifically asking him about the nature of the second felony. Such conduct by the prosecutor was clearly improper and cannot be countenanced. Nevertheless, in light of the overwhelming evidence of guilt, we find that the prosecutorial misconduct constituted harmless error *(see, People v Crimmins,* 36 NY2d 230).

We have considered the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Lawrence, Eiber and Ritter, JJ., concur.