■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY L. MAYE, Appellant. [615 NYS2d 94] —White, J. Appeal from a judgment of the County Court of Albany County

(Keegan, J.), rendered January 6, 1993, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

While on patrol in the City of Albany during the early morning hours of December 1, 1991, Police Officers Patrick Robinson and Dennis Bradt received a radio transmission stating that an anonymous female had called the Albany Police Department to report that three black males, who had been involved in a shooting incident at Third and Swan Streets in Albany, had left the scene in a black or blue four-door vehicle with a partial license plate of 373. Between 15 and 20 minutes later, the officers saw a four-door black vehicle containing three black males going west on Second Street. As the vehicle turned onto North Swan Street, the officers noted that it had a partial license plate of 373. The officers stopped the vehicle and approached it with guns drawn. When they reached it, they ordered the occupants out and patted them down to assure that they had no weapons on them. Defendant, the driver of the vehicle, was given his *Miranda* rights and consented to a search of the vehicle which yielded no weapons. Following the search, the three men agreed to accompany the police to the police station for further questioning.

At the station, the two passengers indicated that the weapon used in the shooting could possibly be found at the apartment of defendant's grandmother. The police obtained a search warrant and proceeded to execute it. During the course of the search, defendant's aunt came to the apartment and indicated that defendant frequently stayed at her apartment. Since nothing was found in the grandmother's apartment, the police asked defendant's aunt if they could search her apartment. She agreed and signed a written consent form. It was during the search of this apartment that the police discovered and seized a semiautomatic pistol. When the police showed the pistol to defendant, he acknowledged that it was his and proceeded to provide the police with a written statement. Defendant was then arrested and subsequently convicted of the crimes of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. He now appeals.

Defendant's first argument for reversal is that County Court erred in finding that he did not have standing to challenge the search of his aunt's apartment. In our view County Court's ruling was correct since defendant did not sustain his burden

of showing that he had a reasonable expectation of privacy in his aunt's apartment as there is no proof that he was an overnight guest, nor is there any evidence establishing the nature or length of his occupancy or any indicia of a legitimate or reasonable expectation of privacy in the apartment at the time the police conducted the search *(see, People v Ortiz,* 190 AD2d 580, *affd* 83 NY2d 840; *People v Gamble,* 182 AD2d 703, *lv denied* 80 NY2d 929; *People v Garrett,* 177 AD2d 705, *lv denied* 79 NY2d 947; *People v Adames,* 168 AD2d 623, *lv denied* 77 NY2d 957). In any event, the record shows that defendant's aunt consented to the search of her apartment *(see, People v Perez,* 185 AD2d 330, *lv denied* 81 NY2d 765).

Defendant's next argument is that County Court should have suppressed his written statement since the police did not have sufficient cause to stop his vehicle or to arrest him. Where police have reasonable suspicion that a person was involved in a crime, they are authorized to forcibly stop and detain that person *(see, People v Martinez,* 80 NY2d 444, 447; *People v Bennett,* 189 AD2d 924). It is well established that reasonable suspicion cannot be predicated upon an anonymous tip giving a general description of a perpetrator of a crime *(see, People v Bora,* 191 AD2d 384, *affd* 83 NY2d 531; *People v Grant,* 184 AD2d 242, *lv denied* 80 NY2d 904). However, where the anonymous information is so "specific and congruous" with that which is actually encountered, the reliability of the tip may be reasonably assumed so as to provide the police with reasonable suspicion *(see, People v Kinlock,* 43 NY2d 832). Generally, those cases in which congruity of description has been found sufficient involved anonymous telephone tips that the person described is, almost contemporaneously, committing a crime and/or carrying a weapon *(see, People v Snyder,* 200 AD2d 901). Here, there is a clear indication that the caller had either witnessed the crime or defendant's participation in it since the caller reported that three men had been involved in a shooting and had left the scene. Considering this fact, together with the caller's description of defendant's vehicle and partial identification of its license plate number, we find that when, shortly after receiving the radio transmission, the officers encountered defendant's vehicle in the vicinity of the crime scene, they had a reasonable suspicion which justified stopping defendant's vehicle *(see, People v Benjamin,* 51 NY2d 267, 270).

Despite the fact that County Court found that defendant was not arrested when his vehicle was stopped, defendant maintains that he was. He goes on to argue that, since the

arrest was not supported by probable cause, County Court should have granted his suppression motion. We perceive no reason to disturb County Court's finding since defendant impermissibly supports his argument with facts derived from the trial testimony *(see, People v Gonzalez,* 55 NY2d 720, 721). Moreover, because the officers had been informed that defendant was involved in a shooting, the fact that they approached defendant's vehicle with guns drawn and conducted a pat down of his person did not transform a lawful stop into an arrest since these were simply precautionary measures taken to insure the officers' safety *(see, People v Chestnut,* 51 NY2d 14, 21, *cert denied* 449 US 1018; *People v Brown,* 190 AD2d 1003, *lv denied* 81 NY2d 968).

We need not consider defendant's last argument that the prosecutor violated County Court's *Sandoval* ruling because, even if she did, such conduct constituted harmless error given the overwhelming evidence of defendant's guilt *(see, People v Brown,* 195 AD2d 474, *lv denied* 82 NY2d 714).

For these reasons, we affirm.

Cardona, P. J., Weiss, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.