■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WALTS, Appellant. [699 NYS2d 767] —Carpinello, J. Appeal

from a judgment of the Supreme Court (Sheridan, J.), rendered January 30, 1996 in Schenectady County, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

On June 5, 1995, the State Police were conducting an investigation into alleged drug activity at the residence of Carlos Rodriguez in the City of Schenectady, Schenectady County. Utilizing compensated confidential informant Robert La Pointe, who was acquainted with defendant and Rodriguez, they engineered a controlled drug buy. Prior to the transaction, La Pointe was strip-searched, provided with a transmitting device and given a specified amount of cash with which to make the purchase. Undercover State Police Investigator Steve Ortiz accompanied La Pointe to the residence and watched him enter it. State Police Investigator Guy Savio monitored and taped his conversations via the transmitter. Upon emerging from the residence, La Pointe produced a plastic bag containing cocaine which he claimed he received directly from defendant. Indicted on criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree[1] and found guilty of the first two counts following a trial, defendant appeals.[2]

Defendant first takes issue with Supreme Court's *Sandoval* ruling (*see, People v Sandoval*, 34 NY2d 371), claiming that the court improperly permitted inquiry into "an extensive grab-bag of prior convictions" without appropriately exercising its discretion or weighing all relevant *Sandoval* factors. At the *Sandoval* hearing, the People sought permission to inquire about 19 prior convictions, including the facts underlying each, should defendant elect to take the stand. These convictions spanned the period from July 1968 through January 1995 and included petit larceny, driving while ability impaired, felony driving while intoxicated, criminal possession of stolen property, criminal possession of marihuana, aggravated unlicenced operation of a motor vehicle, issuing a bad check, assault, reckless endangerment and various sex-related offenses. From the onset, Supreme Court recognized that inquiry into all of defendant's prior convictions would itself be unduly prejudicial.

1. Rodriguez was indicted on the same charges as defendant, but pleaded guilty to the third count of the indictment in exchange for truthful testimony against defendant at trial.

2. Count three was charged in the alternative and the jury was instructed not to consider it if they found defendant guilty of count two.

It also acknowledged that many of his convictions were over 10 years old. Nevertheless, the court found, and we agree, that this latter factor "becomes less determinative or guiding" in this case given defendant's 27-year history of nearly continuous criminal conduct.

Inquiry was thus permitted into eight convictions (a 1982 criminal possession of stolen property conviction, a 1983 felony driving while intoxicated conviction, 1984, 1985 and 1992 petit larceny convictions, a 1990 aggravated unlicensed operation of a motor vehicle conviction, a 1993 assault conviction and a 1995 sexual abuse conviction) which, in Supreme Court's view, would put defendant's criminal history in a "proper posture" for the jury to evaluate his credibility. It precluded inquiry into the underlying facts of most of these convictions. In our view, Supreme Court appropriately weighed all relevant factors and struck a fair balance between the People's right to question defendant about crimes bearing directly on his credibility and defendant's right not to be unduly prejudiced by inquiry into a "sheer number of [prior] convictions" which might then have a disproportionate effect on the jury (*see, e.g., People v Quesnel*, 238 AD2d 725, *lv denied* 90 NY2d 896; *People v Miller*, 217 AD2d 810, *lv denied* 86 NY2d 798; *People v Teen*, 200 AD2d 785, *lv denied* 83 NY2d 859; *People v Sargent*, 194 AD2d 865, 867).

To the extent that defendant takes particular issue with Supreme Court's decision to permit inquiry into the felony driving while intoxicated and assault convictions, we are unpersuaded (*see, People v Trichilo*, 230 AD2d 926, 928, *lv denied* 89 NY2d 931; *People v Tirado*, 192 AD2d 755, *lv denied* 81 NY2d 1081; *People v Winney*, 180 AD2d 913, *lv denied* 79 NY2d 1056; *People v Norwood*, 142 AD2d 885, *lv denied* 72 NY2d 960). In any event, even if the court erred in permitting inquiry into these particular convictions, the error was harmless since the other six were proper subjects of cross-examination, thus rendering unpersuasive defendant's claim that such rulings deterred him from taking the stand (*see, People v Scott*, 118 AD2d 881, *lv denied* 67 NY2d 1056; *People v Dayter*, 112 AD2d 643, *lv denied* 66 NY2d 614; *People v Asch*, 107 AD2d 941).

Defendant's assertion that the verdict was against the weight of the evidence is also unfounded based upon our review of the trial evidence. La Pointe testified that he handed defendant $100 inside the residence and requested a "$100 clip", which he explained was a reference to cocaine. According to La Pointe, defendant took the money, left the room and returned with the

drugs. After a brief exchange about the quantity of the "piece", La Pointe left the residence. Ortiz, who was waiting in his vehicle during the transaction, testified that La Pointe emerged from the residence with "a clear plastic baggy which contained a chunky like off white substance". La Pointe's testimony was further confirmed by Savio, who provided La Pointe with the transmitter and overheard the transaction as it unfolded.

According to Rodriguez's trial testimony, La Pointe came to his residence on the day in question and met with defendant. Rodriguez observed defendant and La Pointe with the cocaine and claims that his only involvement in the transaction was to weigh it at their request. Although La Pointe was compensated by the State Police for his involvement in the transaction (and had prior convictions) and Rodriguez received a favorable plea bargain for his role (and also had prior convictions), neither person's testimony was incredible as a matter of law (*see, People v Batista*, 235 AD2d 631, 631-632, *lv denied* 89 NY2d 1088). Moreover, both witnesses' criminal histories and roles in the transaction were fully explored during their respective direct and cross-examinations, and the jury was in the best position to assess their testimony and credibility (*see, id.*). The jury obviously credited, at the least, La Pointe's testimony, a determination that this Court will accord due deference (*see, People v Bleakley*, 69 NY2d 490, 495). In view of the foregoing, we are unable to conclude that the verdict is against the weight of the evidence (*see, id.*).

Defendant's remaining arguments have been reviewed and none warrants reversal.

Cardona, P. J., Peters, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.