■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL STEPHANSKI, Appellant. [730 NYS2d 468] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of rape in the first degree (Penal Law §§ 20.00, 130.35 [2]) and three counts of sexual abuse in the first degree (Penal Law §§ 20.00, 130.65 [2]), arising from his participation in the gang rape and sexual abuse of a young woman who lost consciousness after consuming the drug Ecstasy. Contrary to the contention of defendant, County Court did not abuse its discretion in denying his request to sever his trial from that of his codefendant (*see, People v Mahboubian*, 74 NY2d 174, 183). The record does not establish that the defenses of defendant and codefendant were in irreconcilable conflict (*see, People v Mahboubian, supra*, at 184-185; *People v Williams*, 234 AD2d 912, 913, *lv denied* 89 NY2d 1042; *People v Santos-Sosa*, 233 AD2d 833, *lv denied* 89 NY2d 988; *People v McNair*, 222 AD2d 1008, *lv denied* 88 NY2d 850). The court also properly denied the requests of defendant for a *Payton* hearing (*see, Payton v New York*, 445 US 573) and a hearing on the issue whether there was probable cause for his arrest. The court properly determined that defendant lacks standing to challenge his arrest at the apartment of a female friend. Defendant did not sustain his burden of showing that he had a reasonable expectation of privacy in his friend's apartment. There was no evidence "establishing the nature or length of his occupancy or any indicia of a legitimate or reasonable expectation of privacy in the apartment at the time the police [entered

it to arrest defendant]" (*People v Maye,* 206 AD2d 755, 757, *lv denied* 84 NY2d 1035; *see, People v Gamble,* 182 AD2d 703, *lv denied* 80 NY2d 929). In any event, the record establishes that the defendant's friend consented to the search of her apartment (*see, People v Maye, supra,* at 757). The record further establishes that the People had probable cause to arrest defendant for the rape and sexual abuse of the victim.

Defendant further contends that the court erred in permitting his statement obtained by the police in violation of his right to counsel to be used for impeachment purposes. We conclude that the court properly determined that defendant's statement was voluntarily made (*see,* CPL 60.45; *People v Torres,* 186 AD2d 466, *lv denied* 81 NY2d 795), and that it therefore was admissible for impeachment purposes (*see, People v Maerling,* 64 NY2d 134, 140; *People v Barnes,* 239 AD2d 955, 955-956, *lv denied* 90 NY2d 901). We further conclude that the court's *Sandoval* ruling did not constitute an abuse of discretion (*see, People v Walts,* 267 AD2d 617, 618-619, *lv denied* 95 NY2d 859; *People v Trichilo,* 230 AD2d 926, 928, *lv denied* 89 NY2d 931).

The conviction is supported by legally sufficient evidence and the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). Defendant's contention that the court erroneously instructed the jury concerning accomplice liability is not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). The court properly denied defendant's request to charge rape in the third degree and sexual misconduct as lesser included offenses of rape in the first degree, and to charge sexual abuse in the third degree as a lesser included offense of sexual abuse in the first degree. On this record, there is no reasonable view of the evidence that defendant committed the lesser offenses but not the greater (*see, People v Cole,* 212 AD2d 822, 824, *lv denied* 86 NY2d 733; *People v Mott,* 77 AD2d 606, 607; *see generally, People v Glover,* 57 NY2d 61, 63). The court properly granted the People's request for a modified circumstantial evidence charge, but erred in instructing the jury on flight, based upon testimony that defendant left the City of Rochester following this incident. The error, however, is harmless (*see generally, People v Crimmins,* 36 NY2d 230, 241-242). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Monroe County Court, Geraci, Jr., J.—Rape, 1st Degree.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Burns and Gorski, JJ.