■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW GARNSEY, Appellant. [733 NYS2d 742] —Crew III, J. Appeal from a judgment of the County Court of Washington County (Hemmet, J.), rendered December 20, 1999, upon a verdict convicting defendant of the crimes of burglary in the second degree (three counts), grand larceny in the third degree, petit larceny and driving while intoxicated.

In May 1999, defendant committed a number of burglaries in the Village of Fort Edward, Washington County, the proceeds of which he took to the apartment of his girlfriend, Terri Shaw. Thereafter, the police went to Shaw's apartment, notified her that a telephone call had been placed to her apartment from a stolen cellular phone and requested and received permission to search the apartment. As a consequence, the stolen goods from the burglaries were discovered and defendant was indicted and charged with three counts of burglary in the second degree, grand larceny in the third degree, two counts of petit larceny and driving while intoxicated. Following a jury trial, defendant was found guilty of all but one count of the indictment and was thereafter sentenced to, *inter alia*, a term of 10 years' imprisonment. Defendant appeals.

We affirm. We reject defendant's contention that he received ineffective assistance of counsel owing to counsel's failure to request a *Mapp* hearing. We note initially that it is well settled that counsel's failure to make a pretrial motion does not, standing alone, establish ineffective assistance (*see, People v Rivera*, 71 NY2d 705, 709). As asserted by trial counsel during the course of defendant's trial, he initially elected not to make a

motion to suppress because, based upon the facts known to him prior to trial, there was no colorable basis for a hearing inasmuch as the search and seizure was carried out pursuant to a written consent. Moreover, when defense counsel, on cross-examination of Shaw, discerned a colorable reason for suppression underlying the execution of her consent to search, he made an appropriate motion to suppress, which was ruled upon by the trial court. Under these circumstances, it clearly cannot be said that defendant was deprived of the effective assistance of trial counsel.

Next, defendant asserts that County Court erred in ruling that the search of Shaw's residence was voluntary. We disagree. It is axiomatic that whether a valid consent to search has been given is a question of fact to be resolved by examining the totality of the circumstances and, in that regard, great weight will be afforded the findings of the suppression court (see, *People v Dobson*, 285 AD2d 737, 738). And while no one factor controls, among those to be considered are whether the person who consented was in custody or under arrest, uncooperative or evasive and advised of his or her right to refuse consent (see, *People v Gonzalez*, 39 NY2d 122, 128-130). Here, Shaw executed a written consent form, which expressly provided that she gave permission to search freely and voluntarily and that she had the right to refuse the search. Moreover, the record reveals that at the time she gave consent, she was neither in custody nor under arrest, nor was she uncooperative or evasive. Accordingly, we cannot say that County Court erred in denying defendant's motion to suppress. We have considered defendant's remaining arguments and find them equally unpersuasive.

Cardona, P. J., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.