■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY OBEE, Appellant. [749 NYS2d 559] —Appeal by the de-

fendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered January 8, 2001, convicting him of criminal possession of a weapon in the third degree and criminal possession of a weapon in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain evidence.

Ordered that the judgment is affirmed.

While police officers were attempting to gain access to the defendant's apartment to arrest him in connection with a prior assault, one police officer encountered a woman who appeared on the scene. The woman claimed to reside with the defendant as his "live-in girlfriend." She voluntarily consented to a search of the apartment which was to take place following the defendant's arrest. In fact, she gave such consent on two occasions. The consent by this co-occupant of the apartment furnished justification for the ensuing warrantless search (*see United States v Matlock,* 415 US 164; *People v Cosme,* 48 NY2d 286; *People v Garnsey,* 288 AD2d 761; *People v Fayton,* 276 AD2d 339; *People v Bostic,* 222 AD2d 1073; *People v Beriguette,* 199 AD2d 515; *People v Perez,* 185 AD2d 330). Altman, J.P., Goldstein, McGinity and Mastro, JJ., concur.