■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JENNIFER QUAGLIATA, Respondent. [861 NYS2d 792]—

Appeal by the People from an order of the County Court, Nassau County (Kase, J.), dated May 16, 2007, which, after a hearing, granted those branches of the defendant's omnibus motion which were to suppress physical evidence and her statements to law enforcement officials.

Ordered that the order is reversed, on the law, those branches of the defendant's omnibus motion which were to suppress physical evidence and her statements to law enforcement officials are denied, and the matter is remitted to the County Court, Nassau County, for further proceedings consistent herewith.

On June 4, 2006, at approximately 2:00 A.M., the Nassau County Police Department received a 911 call reporting that a red Scion motor vehicle containing two Hispanic males and a firearm was located at 1723 Broadway in Hewlett. Within minutes, Police Officer John Patterson responded to the call and drove up to the red Scion at the reported location, parking his patrol car nose-to-nose with the Scion. Officer Patterson exited his patrol car, with his gun unholstered and pointed down, and approached the vehicle. Two females were seated in the Scion, the 20-year-old defendant driver and her passenger. The defendant exited the vehicle after Officer Patterson asked her to do so, whereupon he reholstered his gun. When asked what she was doing at the location, the defendant responded that she was "waiting around for a friend."

Moments later, three police officers and a police sergeant arrived on the scene, parking behind the Scion. Upon the police sergeant's request, the defendant, who was standing in the

street, moved to a safer location towards the sidewalk. In response to inquiries about a gun in the car, the defendant denied knowledge of any gun in the car. The sergeant then asked the defendant "if we could search the vehicle" to which she responded "yes." According to the sergeant, the defendant was "pretty calm" and spoke in a normal, "matter of fact" conversational tone.

At that point, the sergeant went to retrieve the car keys from the ignition, but the defendant volunteered that the sergeant did not need the keys to open the trunk, whereupon she pressed a button located on the trunk, which opened it. The sergeant observed a backpack in the trunk and asked the defendant if it was her bag. The defendant stated the bag was not hers. After the defendant denied ownership of the bag, the sergeant looked in it and saw a quantity of drugs, a scale, and a grinder. The defendant and her passenger were immediately placed under arrest. A subsequent search of the vehicle's glove compartment uncovered a loaded firearm. After waiving her *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]), the defendant made statements to the police.

Prior to trial, the defendant made an omnibus motion, inter alia, to suppress all of the physical evidence and her statements to law enforcement officials as the fruits of an illegal search of the vehicle. Upon the conclusion of the suppression hearing, the County Court found that the defendant did not voluntarily consent to the search of her vehicle, and thus suppressed the physical evidence and the defendant's oral and written statements. We reverse.

It is well settled that the People have the heavy burden of proving the voluntariness of a defendant's consent to a search (*see People v Gonzalez,* 39 NY2d 122, 128 [1976]; *People v Whitehurst,* 25 NY2d 389, 391 [1969]), which is a question of fact that must be determined from the totality of the circumstances (*see Schneckloth v Bustamonte,* 412 US 218, 248 [1973]; *People v DePace,* 127 AD2d 847, 849 [1987]; *People v Abrams,* 95 AD2d 155, 157 [1983]). In order to sustain this burden, the prosecution must "demonstrate that the consent was in fact voluntarily given, and not the result of duress or coercion, express or implied" by the actions of the law enforcement authorities (*Schneckloth v Bustamonte,* 412 US at 248).

Once illegal drugs or other contraband are found pursuant to that search, and "the occupant of an automobile is arrested, the very circumstances that supply probable cause for the arrest may also give the police probable cause to believe that the vehicle contains contraband, evidence of the crime, a weapon, or

some means of escape. If so, a warrantless search of the vehicle is authorized, not as a search incident to arrest, but rather as a search falling within the automobile exception to the warrant requirement" (*People v Blasich,* 73 NY2d 673, 678 [1989]; *see People v Belton,* 55 NY2d 49, 53-55 [1982]; *People v Martin,* 50 AD3d 1169 [2008]; *People v Garcia,* 30 AD3d 833, 834-835 [2006]).

Here, contrary to the County Court's conclusion, the defendant voluntarily consented to the search of her vehicle. The evidence adduced at the hearing establishes that the defendant was approached and questioned in a nonconfrontational manner by only two police officers. The police officers had reholstered their guns as soon as the defendant exited the vehicle. At the time her consent to search the vehicle was given, the defendant was "pretty calm," speaking in a normal tone of voice, and not handcuffed. The presence of a number of police officers at the scene does not compel the conclusion that the defendant's consent to the search was coerced (*see People v Phiefer,* 43 NY2d 719, 721 [1977]; *People v Leiva,* 33 AD3d 1021, 1023 [2006]; *People v Buggs,* 140 AD2d 617 [1988]; *cf. People v Gonzalez,* 39 NY2d at 128-131).

More significantly, the defendant herself not only consented to the search, but also cooperated with the officer by pressing a button to open the trunk to accomplish the search. Such conduct signified the defendant's voluntary consent and willingness to cooperate with the police officers in their search (*see People v Sinzheimer,* 15 AD3d 732, 734 [2005]; *People v Gilyard,* 145 AD2d 568 [1988]; *People v DePace,* 127 AD2d at 849; *People v Zimmerman,* 101 AD2d 294, 297 [1984]). Under the extant circumstances, we conclude that the defendant's consent to the search of her vehicle was voluntarily given and was not the product of coercion (*see People v Edwards,* 46 AD3d 698, 699 [2007]; *People v Richardson,* 27 AD3d 1168, 1170 [2006]; *People v Calvo,* 1 AD3d 605 [2003]; *People v Abrams,* 95 AD2d at 157).

Once the drugs and drug paraphernalia were found and the defendant placed under arrest, the police officers were authorized to search the vehicle for additional contraband and weapons (*see People v Blasich,* 73 NY2d at 678; *People v Belton,* 55 NY2d at 55; *People v Garcia,* 30 AD3d at 834-835). Fisher, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.