■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHUN YONEYAMA, Appellant. [11 NYS3d 14]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered August 21, 2012, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the second degree, and sentencing him to concurrent terms of eight years, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations. The totality of the circumstances established that defendant voluntarily consented to the search of his bedroom (*see People v Gonzalez*, 39 NY2d 122 [1976]).

Defendant, who had prior contacts with the criminal justice system, provided his consent to search both orally and in writing, and he acknowledged that he had been notified of his right to refuse consent (*see People v Brunson*, 73 AD3d 432 [1st Dept 2010], *lv denied* 15 NY3d 772 [2010]). Although a large number of officers were present when defendant's car was stopped on the highway, and although defendant was initially handcuffed, the officers did not all remain with defendant throughout the encounter, and the handcuffs were removed at the time defendant consented to the search. Furthermore, defendant was very cooperative with the police, not merely in terms of lack of resistance, but in candidly disclosing the presence of drugs in his car and apartment (*see People v Quagliata*, 53 AD3d 670 [2d Dept 2008]; *lv denied* 11 NY3d 834 [2008]; *see also People v Mercado*, 120 AD3d 441 [1st Dept 2014], *affd* 25 NY3d 936 [2015]).

Defendant's consent was not invalidated by an investigator's advice to defendant that if he did not consent to the search, the police could get a warrant, and that the circumstances of the execution of the warrant could lead to the arrest of defendant's father, who also lived in the apartment. The investigator had valid legal and factual grounds for making these statements, which were not threats to arrest defendant's father, but warn-

ings of a possible, less favorable alternative scenario (*see People v LaDuke*, 206 AD2d 859, 860 [4th Dept 1994]).

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Moskowitz, DeGrasse, Gische and Kapnick, JJ.