WILSON, J.
The People contend that County Court erred in holding Dennis O'Kane's trial counsel was ineffective for consenting to verdict sheet annotations beyond those automatically permitted by CPL 310.20. Here, counsel's consent to the annotations did not deprive Mr. O'Kane of meaningful representation.
Based on Mr. O'Kane's escalating course of harassing conduct against his landlord, which continued even after she evicted him, City Court and Family Court entered serial no-contact orders of protection on the landlord's behalf. Mr. O'Kane repeatedly violated those orders. Eventually, the People charged him with four counts of aggravated harassment, two counts of stalking, and eight counts of *441 criminal contempt. Those 14 counts were tried to a jury.
The trial court provided the jury with a four-page verdict sheet. To help the jurors distinguish between the many similar allegations covering more than 300 hundred different acts committed over 12 distinct time periods, the court annotated each count on the verdict sheet with a date or date range and a short description of the alleged criminal conduct. For example, the third aggravated harassment charge included the annotation "Between June 26, 2011 and July 6, 2011 (emailing approximately 15 times)" and the fourth criminal contempt charge read "On July 12, 2012 (occurrence in small claims court)." The defense and the People agreed to those annotations. The jury returned a guilty verdict on 12 counts and acquitted defendant on two counts.
On appeal to County Court, Mr. O'Kane argued that his trial attorney was ineffective. He identified seven bases for this ***672 claim and argued that they had the cumulative effect of depriving him of meaningful representation. Although counsel's consent to the annotated verdict sheet was not included among those bases, County Court held, sua sponte, that the annotations were "extraneous, and highly inflammatory, information" that "effectively marshalled and bolstered the People's proof." County Court concluded that Mr. O'Kane's attorney's consent to the annotations "evidence[d] ineffective assistance of counsel at its worst." County Court otherwise rejected defendant's challenges to the convictions. Accordingly, the court reversed the judgment, on the law, and remitted the matter for a new trial. A Judge of this Court granted the People leave to appeal.
CPL 310.20 permits trial courts to annotate verdict sheets containing two or more counts charging offenses set forth in the same article of the law with "the dates, names of complainants or specific statutory language ... by which the counts may be distinguished" ( CPL 310.20[2] ). Those annotations are intended to "enhance the ability of deliberating juries to distinguish between seemingly identical or substantially similar counts" (Governor's Approval Mem, Bill Jacket, L 1996, ch 730, at 7; see also Sponsor's Mem, Bill Jacket, L 1996, ch 630, at 6). If the court believes different or further annotations would be instructive, it may "furnish an expanded or supplemental verdict sheet" ( People v. Damiano, 87 N.Y.2d 477, 482, 640 N.Y.S.2d 451, 663 N.E.2d 607 [1996] ), although it may do so "only ... with the consent of the parties" ( id. [internal quotation marks omitted], quoting CPL 310.30 ).
Here, defense counsel's consent to the parenthetical descriptions of the alleged criminal conduct did not deprive Mr. O'Kane of meaningful representation. "To establish ineffective assistance, a defendant must demonstrate the absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct" ( People v. Caban, 5 N.Y.3d 143, 152, 800 N.Y.S.2d 70, 833 N.E.2d 213 [2005] ). Mr. O'Kane has not carried that burden.
There is no record support whatsoever for the contention that his attorney failed to understand the purpose of, or her prerogatives under, CPL 310.20. Following a conversation with the court and the People, trial counsel consented to the annotations. In evaluating the reasonableness of that consent, we are mindful that "it is trial counsel who are best positioned to assess the usefulness of such references in the deliberative process and/or the prejudice that may inure therefrom" ( Damiano, 87 N.Y.2d at 482-483, 640 N.Y.S.2d 451, 663 N.E.2d 607 ).
*442 ***673 Both common sense and defense counsel's summation demonstrate that trial counsel had a sound strategic reason for consenting to the annotations: they encouraged the jury to think about each count and the relevant evidence (restricted by date and type) independently, instead of concluding that Mr. O'Kane's egregious behavior warranted a conviction on every seemingly identical count. Counsel easily could have concluded that the additional annotations furthered the exact purpose behind the 1996 amendment and that such benefit outweighed any risk that the annotations-which were drawn from the accusatory instrument already read to the jury, soberly described conduct her client did not and does not now dispute, and were accompanied by the trial court's clear instructions as to their limited purpose-would prejudice the jury.
Defendant's remaining arguments are without merit.
Accordingly, the order of County Court should be reversed, and the case remitted to that court for consideration of the issues raised but not determined on the appeal to that court, if any.
Order reversed and case remitted to County Court, Albany County, for consideration of issues raised but not determined on the appeal to that court, if any.
Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia and Feinman concur.