People v Savoy (2018 NY Slip Op 07203)





People v Savoy


2018 NY Slip Op 07203


Decided on October 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 25, 2018

108845

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JEFFREY A. SAVOY, Appellant.

Calendar Date: September 4, 2018

Before: McCarthy, J.P., Devine, Aarons, Rumsey and

 Pritzker, JJ.

Paul R. Corradini, Elmira, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (William D. VanDelinder of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered August 8, 2016, upon a verdict convicting defendant of the crime of aggravated criminal contempt (two counts).
Defendant and the victim had been in a long-term romantic relationship and, in 2014, an order of protection was issued that directed defendant to stay away and refrain from contacting her. He allegedly violated the order on numerous occasions, including in December 2015 when he approached and angrily confronted the victim and a Child Protective Services employee and, in January 2016, when he called the victim to complain that she had contacted the authorities about his behavior. An indictment was handed up that charged defendant with various offenses and, following a jury trial, he was convicted of aggravated criminal contempt (two counts) for the December 2015 and January 2016 incidents (see Penal Law § 215.52 [3]). County Court thereafter sentenced defendant, as a second felony offender, to an aggregate prison term of 3½ to 7 years. Defendant now appeals, arguing that he received the ineffective assistance of counsel.
We disagree and affirm. Defendant's view is that trial counsel did not subject the People's witnesses to sufficient cross-examination, but a showing of ineffective assistance requires more than "simple disagreement with strategies, tactics or the scope of possible cross-examination" (People v Flores, 84 NY2d 184, 187 [1994]; see People v Wragg, 26 NY3d 403, 409 [2015]; People v Ildefonso, 150 AD3d 1388, 1388 [2017], lv denied 30 NY3d 980 [2017]). Rather, defendant must "demonstrate the absence of strategic or other legitimate explanations for counsel's" allegedly deficient conduct and that counsel's performance in its totality fell short of meaningful representation (People v Rivera, 71 NY2d 705, 709 [1988]; see People v O'Kane, 30 NY3d 669, 672 [2018]; People v Flores, 84 NY2d at 187).
In that regard, defense counsel was presented with a difficult case in which defendant rejected a favorable plea offer and proceeded to trial. At trial, counsel avoided mounting a major challenge to the testimony of multiple witnesses who detailed defendant's role in the December 2015 and January 2016 incidents and left no doubt that both involved impermissible contact with the victim. Counsel instead chose to focus upon the lack of threats made by defendant during those incidents and the consensual interactions between defendant and the victim after the 2014 order of protection was issued, contending that the victim did not feel threatened by defendant and was deploying the order "selectively" against him. This argument proved fruitful, as the jury acquitted defendant of three counts of aggravated family offense premised upon him leaving threatening voicemail messages for the victim with an "intent to harass" her (Penal Law § 240.30 [1] [a]; see Penal Law § 240.75 [1]). Thus, while defendant may second-guess a litigation strategy that did not end in total triumph, the record as a whole shows that he received meaningful representation (see People v Nichols, 163 AD3d 39, 50 [2018]; People v Tomasky, 36 AD3d 1025, 1027 [2007], lv denied 8 NY3d 927 [2007]; People v Gilbo, 28 AD3d 945, 946 [2006], lv denied 7 NY3d 756 [2006]).
McCarthy, J.P., Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.