People v Wilson (2019 NY Slip Op 06900)





People v Wilson


2019 NY Slip Op 06900


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.


794 KA 16-00641

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT G. WILSON, DEFENDANT-APPELLANT. 






DANIELLE C. WILD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered February 5, 2016. The judgment convicted defendant, upon a jury verdict, of rape in the first degree, attempted strangulation in the second degree, and rape in the third degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Monroe County, for further proceedings.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, rape in the first degree (Penal Law § 130.35 [1]) and rape in the third degree (§ 130.25 [3]). Although defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence, " we necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of defendant's challenge regarding the weight of the evidence' " (People v Stepney, 93 AD3d 1297, 1298 [4th Dept 2012], lv denied 19 NY3d 968 [2012]). We nonetheless conclude that, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Contrary to defendant's further contention and the People's concession, rape in the third degree (Penal Law § 130.25 [3]) is not an inclusory concurrent count of rape in the first degree (see CPL 300.50 [6]; see also CPL 300.30 [4]). The cases cited by the parties are inapposite because they implicate an exception that is not present here (see generally CPL 300.50 [6] [i], [ii]; People v Hackett, 167 AD3d 1090, 1091 [3d Dept 2018]; People v Stephanski, 286 AD2d 859, 860 [4th Dept 2001]). Moreover, we are not bound by the People's erroneous concession (see People v Berrios, 28 NY2d 361, 366-367 [1971]; People v Colsrud, 144 AD3d 1639, 1640 [4th Dept 2016], lv denied 29 NY3d 1030 [2017]).
We agree with defendant, however, that the verdict sheet, which states in relevant part "Fourth Count: Rape in the Third Degree (lack of consent/totality of circumstances)," contains an impermissible annotation. Specifically, the "totality of circumstances" language is impermissible because it is not "statutory language" (CPL 310.20 [2]; see Penal Law § 130.25 [3]). Rather, it is language from the pattern jury instructions (see CJI 2d[NY] Penal Law § 130.25 [3]). Supreme Court was therefore required to obtain defense counsel's consent prior to submitting the annotated verdict sheet to the jury (see People v O'Kane, 30 NY3d 669, 672 [2018]; see also People v Johnson, 88 AD3d 1293, 1295 [4th Dept 2011]). Although "consent to the submission of an annotated verdict sheet may be implied where defense counsel fail[s] to object to the verdict sheet after having an opportunity to review it' " (People v Johnson, 96 AD3d 1586, 1587 [4th Dept 2012], lv denied 19 NY3d 1027 [2012]), here, the record does not reflect whether defense counsel had that opportunity. We therefore hold the case, reserve decision and remit the matter to Supreme Court to determine, following a hearing if necessary, whether defense counsel consented to the annotated verdict sheet (see Johnson, 88 AD3d at 1295).
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court