People v Cabrera (2022 NY Slip Op 03874)

People v Cabrera

2022 NY Slip Op 03874

Decided on June 14, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 14, 2022

Before: Webber, J.P., Gesmer, Oing, Singh, Kennedy, JJ. 

Ind. No. 2928/16 Appeal No. 16124 Case No. 2020-04943 

[*1]The People of the State of New York, Respondent,
v
Ramon Cabrera, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Barbara Zolot of counsel) and White & Case LLP, New York (Holly Tao of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Joshua P. Weiss of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Martin Marcus, J. at suppression hearing; Marc Whiten, J. at plea; Armando Montano, J. at sentencing), rendered January 26, 2018, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him to a term of 4½ years, unanimously affirmed.
The hearing court properly denied defendant's suppression motion. The record supports each of the court's factual determinations and alternative legal conclusions.
Based on reliable information from out-of-state authorities that defendant was illegally transporting firearms into New York, the police stopped defendant as he was getting out of his car. In the course of checking defendant's identification, the officers noticed that he had a Florida concealed carry permit in his wallet, whereupon they asked him whether he had any firearms in his car. Although it is unclear whether defendant was in handcuffs when the question was asked, the hearing court correctly determined that even if defendant was handcuffed, the police were not required to administer Miranda warnings before asking about the presence of firearms. While the detention was a seizure for Fourth Amendment purposes, it did not constitute custody for Miranda purposes (see Berkemer v McCarty, 468 US 420, 436-437 [1984]; People v Bennett, 70 NY2d 891 [1987]), and the simple question about firearms was investigatory (see People v Huffman, 41 NY2d 29, 33-34 [1976]). Under these facts, the use of handcuffs did not elevate the investigatory detention to an arrest (see People v Allen, 73 NY2d 378, 379-380 [1989]), including for Miranda purposes (see People v McDonald, 173 AD3d 1633, 1634 [4th Dept 2019], lv denied 34 NY3d 934 [2019]).
When defendant admitted that he had firearms in his car, the police acquired probable cause to search the car pursuant to the automobile exception (see generally People v Galak, 81 NY2d 463, 467 [1993]), regardless of whether or not defendant consented. In any event, the record supports the hearing court's alternative holding that, under the totality of circumstances, defendant voluntarily consented to a search of his car both during his initial encounter with the officers, and at the police precinct when he was in custody (see e.g. People v Yoneyama, 128 AD3d 616 [1st Dept 2015], lv denied 26 NY3d 937 [2015]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 14, 2022